NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ALBA YOLANDA CHILEL-ESCOBAR DE UJPAN; ALBA SOFIA UJPAN-CHILEL, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-1744 <br><br> Agency Nos. <br> A201-733-575 <br> A201-733-576 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2025**
Pasadena, California

Before: GRABER, WARDLAW, and JOHNSTONE, Circuit Judges.

Alba Yolanda Chilel-Escobar de Ujpan ("Chilel") and her daughter Alba

Sofia Ujpan-Chilel, natives and citizens of Guatemala, petition for review of a

decision of the Board of Immigration Appeals ("BIA") dismissing their appeal

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

from the immigration judge's ("IJ") denial of Chilel's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Where, as here, the BIA agrees with the IJ's decision "and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019) (citation omitted). We review for substantial evidence the factual findings underlying the agency's adverse credibility determination, as well as its determinations that a petitioner is not eligible for asylum, withholding of removal, or protection under CAT. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022); *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

1.      Substantial evidence supports the agency's adverse credibility determination. The agency provided "specific and cogent reasons" for its finding that Chilel lacked credibility. *Iman*, 972 F.3d at 1064 (citation omitted). The IJ properly considered the "totality of the circumstances," 8 U.S.C. § 1158(b)(1)(B)(iii), and rested her determination on two permissible grounds: (1) the inconsistency between Chilel's testimony that she decided to leave Guatemala after being threatened by five men in person at her house, and the statement in Chilel's affidavit that she fled after receiving a threatening phone call; and (2) the inconsistency between Chilel's testimony that her husband's death was

2                                                                    24-1744

caused by a severe beating, and the death certificate listing his sole cause of death as "hepatic cirrhosis." Because "[t]hese credibility findings went to key elements" of Chilel's applications for asylum and withholding of removal, "[w]e must defer to the IJ's credibility findings and uphold the denial of [these forms of] relief." *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003); *see Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010) ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight.").

2.      The agency's denial of CAT relief also is supported by substantial evidence. In the absence of credible testimony, Chilel has not demonstrated "that it is more likely than not that [she] will face a *particularized* and *non-speculative* risk of torture." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (citation omitted). The country conditions evidence regarding police corruption and impunity in Guatemala are insufficient to compel the conclusion that Chilel would face torture in Guatemala. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–707 (9th Cir. 2022) (denying petition for review because country conditions evidence acknowledging "crime and police corruption in Mexico generally" did not demonstrate that the petitioner faced a "particularized, ongoing risk of future torture").

3.      Chilel argues that the BIA's decision in her case is invalid because the

3                                          24-1744

term of Temporary Immigration Judge Erika Borkowski expired before she issued this decision on February 26, 2024. However, Judge Borkowski was reappointed on September 22, 2023, for a six-month term that encompasses the date of the BIA's decision in this case, so Chilel's argument fails.

**PETITION DENIED.**